UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DUPONT SMILES FAMILY & COSMETIC DENTISTRY PLLC, et al.,

Plaintiffs,

v.

MMP CAPITAL, LLC,

Defendant.
---------------------------------------------------------------X

**MEMORANDUM AND ORDER**
26-CV-3894-SJB-SIL

MMP CAPITAL, LLC,

Plaintiff,

v.

DUPONT SMILES FAMILY & COSMETIC DENTISTRY PLLC, et al.,

Defendants.
---------------------------------------------------------------X

26-CV-3330-SJB-SIL

**BULSARA, United States District Judge:**

This order addresses whether two cases involving the same parties and involving the same contractual dispute—one first initiated in federal court in the District of Columbia, Case No. 2:26-CV-3894, and a second, initiated in the New York State court in Nassau County, Case No. 2:26-CV-3330—belong in the Eastern District of New York. The short answer is no. The longer answer, detailed herein, involves analysis of a forum selection clause and a touch of New York geography.

I. Case No. 2:26-CV-3894 (*Dupont I*).

Two dentistry companies—Dupont Smiles Family & Cosmetic Dentistry, PLLC and West End Dental, PLLC (collectively Dupont)—sued MMP Capital, LLC seeking recission of a financing contract used to purchase cosmetic machinery. (Am. Compl. dated July 14, 2025, Dkt. No. 18 ¶ 1). Dupont brought suit in federal court for the District of Columbia, against MMP Capital, another financing entity, and the equipment sellers. (*Id.* ¶¶ 5–10). MMP Capital's contract with Dupont contained a forum selection clause, providing that "the state and federal courts sitting in Nassau County, New York, shall have the exclusive jurisdiction over any action or proceeding" arising out of the agreement. (Equipment Finance Agreement, attached to Def.'s Mot. to Dismiss as Ex. A, Dkt. No. 24-1 at 1).

On the basis of this clause, MMP Capital filed a motion to transfer the case to the Eastern District of New York. (Def.'s Mot. to Transfer dated July 1, 2025, Dkt. No. 15). Its counsel, in the briefing submitted to then-presiding District Judge Amir Ali, told him that "[t]he United States District Court for the Eastern District of New York (Central Islip) is located in Nassau County, New York." (*Id.* at 10 n.6). Concluding that the forum selection clause was enforceable, and based on counsel's representation, Judge Ali transferred the case to this District. (Mem. Op. & Order dated Aug. 11, 2026, Dkt. No. 41 at 7).

MMP Capital's lawyers should have consulted a map. Or learned some New York geography. And double-checked their work. The forum selection clause does lay venue in the federal courts located in Nassau County. But there is no federal court that

sits in Nassau County. The Eastern District of New York holds court in two locations, Brooklyn, which is located in Kings County, and Central Islip, which is in Suffolk County, not Nassau County, Long Island.[1] MMP Capital's local New York counsel knew what its D.C. lawyers did not bother to ascertain—that Central Islip is in Suffolk County, and there is no federal courthouse in Nassau County. (Tr. dated Sep. 3, 2026 ("Sep. 3 Tr.") at 3:12-13; Def.'s Letter dated Sep. 18, 2026, Dkt. No. 48 at 1 (counsel acknowledging "[t]here is no federal court in Nassau County")).

In other words, MMP Capital's forum selection clause (in the form agreement signed by Dupont) contemplates venue in a place that does not exist. (To be sure, the forum selection clause does contemplate venue in state court in Nassau County, but MMP Capital sought transfer, not dismissal.) And it foisted that error, along with its geographic misapprehension, on Judge Ali to get the case transferred.

Of course, Nassau County is in the Eastern District of New York (along with Kings, Queens, Richmond, and Suffolk counties). But the fact that the geography of a place is within the jurisdiction does not mean that the place is also a location of a federal court. The Second Circuit dispelled any doubt in *Yakin v. Tyler Hill Corporation*. There, the plaintiff Yakin filed a personal injury lawsuit in Nassau County state court; the defendant Tyler Hill removed the case to the Eastern District of New York. 566 F.3d 72, 74 (2d Cir. 2009). At the time of removal—as is true in the present case—the Eastern

---

[1] "The Eastern District comprises the counties of Kings, Nassau, Queens, Richmond, and Suffolk and concurrently with the Southern District, the waters within the counties of Bronx and New York. Court for the Eastern District shall be held at Brooklyn, Hauppauge, Hempstead (including the village of Uniondale), and Central Islip." 28 U.S.C. § 112(c). The Central Islip courthouse opened in 2000.

District's courthouse locations were Brooklyn and Central Islip. *Id.* Yakin sought remand on the basis of a forum selection clause in the parties' agreement: "the venue and place of trial of any dispute . . . shall be in Nassau County, New York." *Id.* at 76. Concluding that the clause meant that the parties intended to litigate the dispute in a Nassau County court (whether state or federal), *id.*, the Court of Appeals ordered remand. It noted that:

> had there been a federal court in Nassau County at the time of this litigation, remand would have been improper . . . [N]o reasonable reading of the clause permits the interpretation that the parties had agreed to trial in Suffolk County or Brooklyn because those courthouses were within the Eastern District of New York, which spans an area including Nassau County. Had the parties intended to provide for that result, they could, of course, have drafted a different forum selection clause that communicated that intent.

*Id.* at 76–77. The clause here is indistinguishable from the one in *Yakin*—reflecting a plain intent to litigate the case in Nassau County, not an intent to litigate at some federal court with jurisdiction over Nassau County, regardless of location.

Since the case was transferred upon the misapprehension that a federal court existed in Nassau County, the question is what remedy, if any, is appropriate. MMP Capital seeks dismissal of the case in its entirety. To be sure, "[s]ection 1406(a) provides that '[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 55 (quoting 28 U.S.C. § 1406(a)). But the case was not filed here; it was transferred here. Section 1406 has no application to these circumstances.

But "[t]he Court has the power to retransfer the case back to the District from which the case was transferred." *Wade Park Land Holdings, LLC v. Kalikow*, No. 21-CV-1657, 2023 WL 2614243, at *7 (S.D.N.Y. Mar. 23, 2023), *aff'd sub nom. In re Wade Park Land Holdings, LLC*, No. 23-0591, 2024 WL 3024648 (2d Cir. June 17, 2024).

This Court is aware that "[f]ederal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts," *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (collecting cases), and Dupont would not be ordinarily permitted to reargue or relitigate the propriety of a transfer order. "Indeed, the policies supporting the doctrine apply with even greater force to transfer decisions than to decisions of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." *Id.*; *see also United States v. Wyatt*, 672 F.3d 519, 523 (7th Cir. 2012) ("[I]n the usual case another court should not respond by batting the suit back again."). But this is a different case. For one thing, Dupont is not seeking reconsideration or re-argument. This issue was raised by this Court after reading the parties' papers. For another, the issue is not the same as the one before Judge Ali—he was not given the correct set of facts, namely, the absence of any viable federal forum in which to effectuate transfer. Such "extraordinary circumstances" permit revisiting a transfer order issued by another court. *Christianson*, 486 U.S. at 817. "When . . . post-transfer events frustrate the original purpose for transfer, a return of the case to the original transferor court does not foul the rule of the case nor place the transferee court in a position of reviewing the decision of its sister court. It, instead, represents a considered decision that the case *then* is better

tried in the original forum for reasons which became known after the original transfer order." *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983); *cf. e.g.*, *Triad Sys. Fin. Corp. v. Stewart's Auto Supply, Inc.*, 47 F. Supp. 2d 1332, 1337 (N.D. Ala. 1999) ("A more persuasive reason for revisiting . . . the transfer order of the California court, is the sudden but powerful rearing of the ugly (beautiful?) head of the arbitration clause, a clause neither invoked in, nor considered by, the California court. This clause unambiguously calls for arbitration and requires that the arbitration proceeding be conducted in California.").

"Among the factors to be considered in determining whether to grant a motion to transfer venue are, *inter alia*: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quotation omitted); *see also NLRB. v. Universal Smart Conts., LLC*, 166 F.4th 304, 316 (2d Cir. 2026).

In finding that the § 1404(a) transfer was appropriate, Judge Ali gave substantial weight to the mandatory forum selection clause in the Dupont–MMP Capital agreement, as he was required to. (Mem. Op. & Order dated Aug. 11, 2026 at 3) ("'The calculus changes . . . when the parties' contract contains a valid forum-selection clause.' In that circumstance, courts must give the clause 'controlling weight in all but the most exceptional cases.'") (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 63) (cleaned up)). In

fact, "[c]ourts must also 'deem the private-interest factors to weigh entirely in favor of the preselected forum' and give 'the plaintiff's choice of forum' when filing the complaint 'no weight.'" (*Id.* (quoting *Atl. Marine Constr. Co.*, 571 U.S. at 63–64)).

But it is a different analysis entirely where the Court must otherwise give Dupont's choice of forum significant weight, and there is no forum selection clause to obviate analysis of the private-interest factors. Retransfer would accord the appropriate weight to Dupont's choice of forum, D.C., where it initiated suit, and where its principal resides. *See Atl. Marine Constr. Co.*, 571 U.S. at 63 ("[P]laintiffs are ordinarily allowed to select whatever forum they consider most advantageous . . . we have termed their selection the 'plaintiff's venue privilege.'"); *Gross v. Brit. Broad. Corp.*, 386 F.3d 224, 230 (2d Cir. 2004) ("A plaintiff's choice of forum is presumptively entitled to substantial deference. Indeed, our legal system has traditionally deferred to the plaintiff's choice of forum, and unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.") (quotations omitted).

Outside of the choice of forum, a court must analyze "the convenience of the parties [the private-interest factors] and various public-interest considerations." *Atl. Marine Const. Co.*, 571 U.S. at 62.[2] Those factors would weigh differently in the absence

[2] "Factors relating to the parties' private interests include relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine Const. Co.*, 571 U.S. at 62 n.6 (cleaned up).

of a forum selection clause. Among other things, private factors have no relevance in the face of a forum selection clause. *Id.* at 63. Dupont contends that now the private factors favor retransfer, (*see* Pls.' Letter dated Sep. 17, 2026, Dkt. No. 47 at 4–5), an argument that MMP Capital ignores. And as for the public-interest factors, Judge Ali found some in favor of both sides. (Mem. Op. & Order dated Aug. 11, 2026 at 6). In the end, the result of weighting the § 1404(a) factors—with the private factors directionally weighted towards Dupont and the public interest ones being neutral—combined with giving deference to Dupont's choice of forum, would suggest retransfer is warranted.

But in any event, it appears there was no ability to transfer the case under § 1404(a) to the Eastern District in the first instance—a reality that, at bottom, requires retransfer of this case back to the District of Columbia. *See Farrell v. Wyatt*, 408 F.2d 662, 664 (2d Cir. 1969) ("If the district court had no power to transfer, the transfer will be a nullity, the transferee court will have no jurisdiction . . . and any judgment it may enter will be void.") (quotations omitted); *Foster-Milburn Co. v. Knight*, 181 F.2d 949, 951 (2d Cir. 1950) ("[T]he question is whether the district court has any power to consider the question at all; if it has not, the transfer will be a nullity[.]") (Hand, J.). The only basis that the parties have identified for transfer here is the forum selection clause. And as noted, that cannot lead to the case being brought in the Eastern District of New York. In addition, neither side argues that the general venue statute permits litigation in the Eastern District of New York. Nor did they before Judge Ali. That is relevant, because transfer would have been appropriate to this district under § 1404(a) if it was possible to lay venue here originally. 28 U.S.C. § 1404(a) ("A district court may transfer any civil

action to any other district or division *where it might have been brought*.") (emphasis added); *see also Atl. Marine Const. Co.*, 571 U.S. at 57 ("[V]enue is proper so long as the requirements of [28 U.S.C.] § 1391(b) are met, irrespective of any forum-selection clause[.]"). But without a forum selection clause permitting or mandating transfer, and without anyone demonstrating that venue lay here if the case was initiated initially in this District, no § 1404(a) transfer to this District could ever be ordered. *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960) ("[T]he power of a District Court under s 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff.") (quoting § 1404(a)); *see, e.g.*, *Aileen Mills Co. v. Ojay Mills, Inc.*, 192 F. Supp. 131, 133 (S.D.N.Y. 1960) ("[B]y reason of Aileen's and Morgan's contention that the action could not have been originally brought in this district, it becomes necessary for the court of this district, it would appear, to consider the motion for retransfer.").

As a result, the Court directs the Clerk to transfer this case to the United States District Court for the District of Columbia.[3]

[3] The Court is cognizant that MMP Capital could, once this case is returned to the District of Columbia, (if permitted) seek dismissal on *forum non conveniens* grounds, in light of the very forum selection clause that does not permit the case to be heard here and ostensibly does in Nassau County state court. But that motion is not before this Court—although MMP Capital raises the doctrine, it fails to explain how the doctrine applies here. (*See* Sep. 3 Tr. at 8:16-19, 16:10-15) ("I certainly will give you, as well as counsel for MMP, an opportunity to submit a letter on what you have indicated or anything else, frankly . . . [and on] any other argument that you would like to raise that doesn't occur to you today."). And the motion was not made by MMP Capital before Judge Ali in the first instance.

II. Case No. 2:26-CV-3330 (*Dupont II*)

On May 18, 2026, MMP Capital sued Dupont (and its owner Laudan Izadi) in Nassau County Supreme Court. Its Complaint alleges breach of the same agreements that Dupont is seeking to rescind in *Dupont I.*

On June 3, 2026, Dupont and Izadi removed the case to this Court, on the basis of diversity jurisdiction. (Notice of Removal, Dkt. No. 1 ¶ 6–12). Dupont and Izadi now seek dismissal of this case on the basis of the "first-filed" rule: "the well-settled principle in this Circuit that where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience . . . or . . . special circumstances . . . giving priority to the second." *First City Nat'l Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (quotations omitted). MMP Capital seeks remand to state court, contending that the forum selection clause dictates that the only venue for its suit is Nassau County. (Pl.'s Letter dated Sep. 18, 2026, Dkt. No. 18 at 3).

The question is somewhat more complicated than either side appreciates. Both Dupont and MMP Capital now hotly contest whether the forum selection clause is enforceable, in light of its invalid designation of a nonexistent federal court as a potential venue. *Compare* (*id.* at 2) *with* (Defs.' Letter dated Sep. 17, 2026, Dkt. No. 16 at 1–3).[4] Presumably those issues will raise their heads again in the District of Columbia, should MMP Capital make a motion based on that clause. If the clause is deemed

[4] Dupont went so far as to file an unauthorized letter brief, prompting MMP Capital to file a sur-reply, to carp about the impact of a non-precedential district court opinion cited by one side and the time a party filed a letter on the docket. Suffice it to say that this prolix aided the Court in no respect.

invalid in its entirety, then this Court would have occasion to decide whether *Dupont II* should be dismissed under the first-filed rule.[5] On the other hand, should that forum selection clause still be deemed valid, it appears that remand, not dismissal, would be the appropriate remedy. *See Karl Koch Erecting Co. v. N.Y. Convention Ctr. Dev. Corp.*, 838 F.2d 656, 659 (2d Cir. 1988) (affirming remand of cases removed on the basis of diversity jurisdiction, in light of forum selection clause barring federal suits between the parties); *e.g.*, *Bilodeau v. Ahern Rentals, Inc.*, No. 21-CV-2209, 2021 WL 8016841, at *4 n.2 (S.D. Tex. Aug. 20, 2021) ("[E]very federal court to address the issue has held that [i]t is improper for a party to invoke the first filed doctrine in the face of a clearly articulated forum selection clause in a contract.") (quotation omitted) (collecting cases). The proper course in such a situation is to stay this action pending resolution of *Dupont I*. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (finding that, in light of parallel federal cases in the District of Columbia and Southern District of New York, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *Est. of Ungar v. Palestinian Auth.*, 344 F. App'x 631, 634 (2d Cir. 2009) (noting that a Connecticut federal court's stay of an action to enforce a default judgment

---

[5] Whether intentionally or not, MMP Capital's attempts to transfer *Dupont I* to a non-existent location, and its unwillingness to consent to venue, and its filing what appears to be a duplicative mirror-image lawsuit against *Dupont I* in state court, reeks of forum-shopping and an attempt to inflict unnecessary litigation costs on Dupont. It is notable that MMP Capital's papers give no explanation why it told Judge Ali that there was a federal court in Nassau County, particularly since it obviously has New York counsel who knows otherwise, and is located in Long Island.

while a Rhode Island federal court resolved a motion to vacate that judgment "falls under the inherent power of the court to control its own docket").

CONCLUSION

For these reasons, the Clerk of Court is directed to transfer Case No. 2:26-CV-3894 to the United States District Court for the District of Columbia. Case No. 2:26-CV-3330 is stayed pending resolution of Case No. 2:26-CV-3894. The Clerk of Court is directed to administratively close Case No. 2:26-CV-3330, which suspends the need for any party to file status reports. Parties may seek to reopen the case by submitting a letter once Case No. 2:26-CV-3894 has been resolved.

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date: October 15, 2026
Central Islip, New York